UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN MORSE, ADMINISTRATOR OF THE ESTATE OF NANCY MORSE, on behalf of himself and all others similarly situated,<br>Plaintiff(s),<br><br>-against-<br><br>JEFFREY G. LERMAN, P.C.; JEFFREY G. LERMAN, individually; and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND JURY TRIAL** |

Plaintiff, Norman Morse, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, Jeffrey G. Lerman, P.C.; Jeffrey G. Lerman, individually; and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. More specifically Defendants used their titles, status and positions as attorneys to make false, deceptive or confusing statements or forms to Plaintiff. Furthermore, Defendants failed to advise Plaintiff, that they can take no legal action against Plaintiff and to advise Plaintiff of their intent with respect to its ability to take legal action against him. In addition to using their positions and titles as attorneys in order to create a false sense of heightened urgency and intimidation to it collection practices, without any meaningful review of the Plaintiff account.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Jeffrey G. Lerman, P.C., is a foreign law firm with its primary offices located at 170 Old Country Road, Suite 600, Mineola, New York 11501.

8. Upon information and belief, Jeffrey G. Lerman, P.C., regularly attempts to collect debts owed to another.

9. Upon information and belief, Jeffrey G. Lerman, P.C., regularly uses the United States Postage Service in its attempts to collect debt owed to another.

10. Jeffrey G. Lerman, P.C., is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

11. Jeffrey G. Lerman, is a foreign attorney who is not licensed to practice law in the State of New Jersey.

12. Jeffrey G. Lerman's, primary offices are located at 170 Old Country Road, Suite 600, Mineola, New York 11501.

13. Upon information and belief, Jeffrey G. Lerman, regularly attempts to collect debts owed to another.

14. Upon information and belief, Jeffrey G. Lerman, regularly uses the United States Postage Service in its attempts to collect debt owed to another.

15. Jeffrey G. Lerman, is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

16. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

18. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

19. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Dufek that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff is the Administrator of his late wife, Nancy Morse's estate.

21. Prior to her death Ms. Morse was obligated to Columbia Presbyterian Department of Neurology ("Columbia") in the amount of $99.87.

22. Said amount became past due prior to February 25, 2011.

23. On or before February 25, 2011 Columbia referred the past due account to Defendants for the purpose of collecting the past due amount.

24. On or about February 25, 2011, Defendants caused to be delivered to Plaintiff a letter attempting to collect the past due debt. A copy of said letter is annexed hereto as <u>Exhibit A</u>.

25. Upon receipt, Plaintiff read said letter.

26. The letterhead read, "Law Office of Jeffrey C. Lerman, P.C."

27. The letterhead also contained the following email address: <u>jlerman@lawyers.com</u>

28. The letterhead also contained the telephone number (516) 742-9282.

29. The first paragraph of the letter states in part, "no attorney associated with this firm has personally reviewed the particular circumstances of your account."

30. The last paragraph of the letter states, "If you have any questions, you may contact Jeffrey G. Lerman at (516) 742-9282…"

31. The letter is unsigned.

32. The signature line at the bottom of the letter states, "Law Office of Jeffrey G. Lerman, P.C."

33. Said letter is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

34. At all pertinent times hereto, Defendants were collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

35. Defendants communicated with Plaintiff on or one year before the date of this action, in connection with collection efforts, by letters or other documents, with regard to the alleged debt.

36. Exhibit A in bold face font states in relevant part, **"This firm is a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose"**

37. Upon receipt of this letter, Plaintiff believed that an attorney was involved in the collection of the alleged debt.

38. Upon receipt of this letter, Plaintiff believed that an attorney could take legal action against him.

39. Upon receipt of this letter, Plaintiff believed that an attorney would take legal action against him.

40. At all times Plaintiff believed that if payment was not made, then legal action could and in fact, would be taken against him.

41. Plaintiff believes and therefore avers that Defendants failed to make clear to Plaintiff that it has no authority to take legal action in New Jersey.

42. Defendants actions as described herein are part of a pattern and practice used to collect consumer debts.

43. Defendants conduct is unfair and/or unconscionable because consumers believe that attorneys either are or will be involved in collection of the alleged debt.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

44. Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if the same were set forth at length herein.

45. Collection letters and/or notices such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46. Defendants violated Sections 1692d, 1692e(5) and e(10), and 1692f of the FDCPA by failing to advise consumers, such as Plaintiff, that they can take no legal action against him.

47. Defendants violated Sections 1692d, 1692e(10), and 1692f of the FDCPA by failing to advise consumers of their intent with respect to its ability to take legal action against them.

48. Defendants violated Sections 1692e(3), e(10) and 1692j of the FDCPA by using his title, status and positions as attorney to make false, deceptive or confusing statements or forms to consumers.

49. Defendants violated Sections 1692d, 1692e(3), e(5), e(10), and 1692f, of the FDCPA by using the authority and credibility created by its letterhead to collect debts and/or convey the threat of litigation, without any meaningful review of the consumer's account.

50. Defendants violated Sections 1692d, 1692f, and 1692g of the FDCPA by using its position and title as attorneys in order to create a false sense of heightened urgency and intimidation to it collection practices, without any meaningful review of the consumer's account.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(f) Awarding pre-judgment interest and post-judgment interest; and

(g) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
    March 10, 2011

>    */s/  Joseph K. Jones*_____
>    Joseph K. Jones (JJ-5509)
>    Law Offices of Joseph K. Jones, LLC
>    375 Passaic Avenue, Suite 100
>    Fairfield, New Jersey 07004
>    (973) 227-5900
>    (973) 244-0019 facsimile
>    jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>                             */s/  Joseph K. Jones*_____
>                             Joseph K. Jones

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 10, 2011

>                             */s/  Joseph K. Jones*_____
>                             Joseph K. Jones

# Exhibit

# A

LAW OFFICE OF
# JEFFREY G. LERMAN, P.C.

THE BENCHMARK BUILDING • 170 Old Country Road - Suite 600 • Mineola, New York 11501
TEL (516) 742-9282 • FAX (516) 742-4105 • e-mail: jlerman@lawyers.com

OF COUNSEL

February 25, 2011

AARON L. LEBENGER
RANDY M. STEIN
DOUGLAS D. VIVIANI

Ms. Nancy Morse
214 Scotch Plains Av Ph
Westfield, New Jersey 07090

Re: Our Client       : Columbia Presbyterian Dept. of Neurology
    Patient          : Morse, Nancy
    Account Number   : 443433
    Date of Treatment: 09/11/10 thru 09/30/10
    Original Charge  : $8,775.00
    Balance          : $99.87

Dear Ms. Morse:

Please be advised that the above-referenced matter has been referred to this office by our client, the originating creditor. At this time, no attorney associated with this firm has personally reviewed the particular circumstances of your account.

Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the above-referenced debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within that same thirty (30) day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you, if any, and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the same thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Payments are to be made payable to our client and mailed to our office.

**This firm is a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose.**

If you have any questions, you may contact Jeffrey G. Lerman at (516) 742-9282. Thank you for giving this matter your attention.

Law Office of
Jeffrey G. Lerman, P.C.